UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

SEP 29 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDGAR ROQUE,<br>    also known as "Eggy," "E,"<br>    "Cholo," and "Jesse,"<br>RICHARD ROQUE,<br>    also known as "Traps,"<br>ANGELICA CERVANTES,<br>JUAN J. CERVANTES,<br>    also known as "Ponytail,"<br>IVAN DIAZ,<br>    also known as "Tec,"<br>PHILLIP DIAZ,<br>    also known as "PH,"<br>MARTELL JACKSON,<br>    also known as "Li'l Pimp,"<br>ANTHONY KOON,<br>JOSÉ ANTONIO MIRELES, JR.,<br>    also known as "Choi,"<br>JORGE LUIS OCHOA-CANELA,<br>    also known as "Tee,"<br>OMAR RAMIREZ,<br>    also known as "Macizo,"<br>    "Cizo," and "Cecil,"<br>GERARDO SANCHEZ,<br>    also known as "Morrow," and<br>JESUS VALENCIA,<br>    also known as "K" and "Cocol" | No. 15 CR 485     **JUDGE KENDALL**<br>Magistrate Judge Brown<br><br>Violations: Title 21, United<br>States Code, Sections 841(a)(1),<br>and 846<br><br><br>**Superseding Indictment**<br><br><br><br><br>**UNDER SEAL** |

### COUNT ONE

The SPECIAL AUGUST 2015 GRAND JURY charges:

1.      At times material to this Indictment:

     a.      The National Railroad Passenger Corporation, also known as "Amtrak," was an American passenger railroad service that provided passenger and

freight train service in 46 states. Amtrak operated a commercial shipping service called "Amtrak Express." Customers could ship small packages and freight under the size of a truckload via Amtrak Express between a number of locations where Amtrak provided passenger train service. Among other locations, Amtrak operated passenger train and Amtrak Express shipping services in Chicago, Illinois, and Los Angeles, California. Amtrak also provided passenger and shipping services between Los Angeles and Chicago.

    b.  Instagram, Inc., which was owned by Facebook Inc., was a social networking company that operated a free social networking application and website, accessed through web-enabled electronic devices and at Instagram.com. Instagram users established accounts and created profiles, which they used to post and share photographs and other information from web-enabled electronic devices, such as certain cellular phones, tablets, and computers. Among other services, Instagram provided its users with a service called "Instagram Direct," which was also known as "Instagram Direct Message" and "DM." This service allowed users to exchange threaded messages with one or more people. Users were able to create group conversations in Instagram Direct by sending a message to two or more people using the tools provided by Instagram. Instagram Direct messages were private and only viewable by those account users included in a particular conversation.

    2.  Beginning no later than in or about 2011, and continuing until at least on or about September 29, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

>EDGAR ROQUE,
>also known as "Eggy," "E," "Cholo," and "Jesse,"
>RICHARD ROQUE,
>also known as "Traps,"
>ANGELICA CERVANTES,
>JUAN J. CERVANTES,
>also known as "Ponytail,"
>IVAN DIAZ,
>also known as "Tec,"
>PHILLIP DIAZ,
>also known as "PH,"
>MARTELL JACKSON,
>also known as "Li'l Pimp,"
>ANTHONY KOON,
>JOSÉ ANTONIO MIRELES, JR.,
>also known as "Choi,"
>JORGE LUIS OCHOA-CANELA,
>also known as "Tee,"
>OMAR RAMIREZ,
>also known as "Macizo," "Cizo," and "Cecil," and
>GERARDO SANCHEZ,
>also known as "Morrow,"

defendants herein, did conspire with each other, with Jesus Valencia, and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. It was part of the conspiracy that defendants EDGAR ROQUE and RICHARD ROQUE, as well as other individuals known and unknown to the Grand Jury, obtained wholesale quantities of heroin and cocaine for distribution to others.

4. It was further part of the conspiracy that, at the direction of EDGAR ROQUE, Jesus Valencia and other individuals known and unknown to the Grand Jury, packaged and then brought the heroin and cocaine to Amtrak facilities at Union Station in Los Angeles, California, and elsewhere, for shipment from Los Angeles to Chicago via Amtrak Express.

5. It was further part of the conspiracy that defendants EDGAR ROQUE, ANGELICA CERVANTES, JUAN J. CERVANTES, IVAN DIAZ, PHILLIP DIAZ, MARTELL JACKSON, JOSÉ ANTONIO MIRELES, JR., JORGE LUIS OCHOA-CANELA, OMAR RAMIREZ, GERARDO SANCHEZ, and other individuals known and unknown to the Grand Jury, including Jesus Valencia, at various times received wholesale quantities of narcotics shipped by the conspiracy's members from Los Angeles to Chicago, including by traveling to Union Station in Chicago, and causing others to travel to Union Station, and there pick up the packages of cocaine and heroin shipped via Amtrak Express.

6. It was further part of the conspiracy that EDGAR ROQUE, RICHARD ROQUE, PHILLIP DIAZ, JOSÉ ANTONIO MIRELES, JR., JORGE LUIS OCHOA-CANELA, OMAR RAMIREZ, GERARDO SANCHEZ, and other individuals known and unknown to the Grand Jury engaged in telephonic and electronic communications, including via Instagram Direct, in connection with the distribution of narcotics and the collection of narcotics proceeds.

7. It was further part of the conspiracy that MARTELL JACKSON and others purchased wholesale quantities of heroin and cocaine from the conspiracy's other members on credit for resale in the Chicago area and elsewhere.

8. It was further part of the conspiracy that the defendants and other individuals known and unknown to the Grand Jury did conceal and hide and cause to be concealed and hidden the purposes and the acts done in furtherance of the conspiracy to avoid detection and apprehension by law enforcement authorities.

9. With respect to EDGAR ROQUE and OMAR RAMIREZ, the offense involved 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance.

10. With respect to EDGAR ROQUE, RICHARD ROQUE, MARTELL JACKSON, and OMAR RAMIREZ, the offense involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT TWO

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. On or about July 31, 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> EDGAR ROQUE,
> also known as "Eggy," "E," "Cholo," and "Jesse,"
> PHILLIP DIAZ,
> also known as "PH," and
> JESUS VALENCIA,
> also known as "K" and "Cocol,"

defendants herein, did attempt to knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1);

In violation of Title 21, United States Code, Section 846; and Title 18, United States Code, Section 2.

2. With respect to EDGAR ROQUE and JESUS VALENCIA, the offense involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

## COUNT THREE

The SPECIAL AUGUST 2015 GRAND JURY further charges:

On or about August 15, 2014, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY KOON,

defendant herein, did knowingly and intentionally distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. On or about August 15, 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

OMAR RAMIREZ,
also known as "Macizo," "Cizo," and "Cecil," and
GERARDO SANCHEZ,
also known as "Morrow,"

defendants herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

2. With respect to OMAR RAMIREZ, the offense involved 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance.

## COUNT FIVE

The SPECIAL AUGUST 2015 GRAND JURY further charges:

On or about November 6, 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ANGELICA CERVANTES and
> JUAN J. CERVANTES,

defendants herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT SIX

The SPECIAL AUGUST 2015 GRAND JURY further charges:

On or about November 6, 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANGELICA CERVANTES,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1); and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2015 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) or 846, as set forth in this Superseding Indictment, defendants shall forfeit to the United States of America any property which constitutes or is derived from proceeds obtained, directly and indirectly, as a result of the offense; and any property used or intended to be used, in any manner or part, to commit and facilitate commission of the offense, as provided in Title 21, United States Code, Section 853(a).

2. The property to be forfeited includes, but is not limited to:

   a. a personal money judgment in the amount of approximately $5,000,000 as to EDGAR ROQUE, RICHARD ROQUE, ANGELICA CERVANTES, JUAN J. CERVANTES, IVAN DIAZ, PHILLIP DIAZ, MARTELL JACKSON, ANTHONY KOON, JOSÉ ANTONIO MIRELES, JR., JORGE LUIS OCHOA-CANELA, OMAR RAMIREZ, GERARDO SANCHEZ, and JESUS VALENCIA.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the

United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p).

                                                                                           A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY