UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | No. 15 CR 485–9 |
| v. | | |
| JOSÉ ANTONIO MIRELES, JR.<br>    also known as "Choi" | | Judge Virginia M. Kendall |

## JOINT PROPOSED JURY INSTRUCTIONS

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Joint Proposed Instruction No. 1
Seventh Circuit Committee (2012) 1.01

The charge against the defendant is in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges the defendant with conspiracy to possess with intent to distribute and to distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of heroin, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine.

The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

Joint Proposed Instruction No. 2
Seventh Circuit Committee (2012) 1.02

The defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Joint Proposed Instruction No. 3
Seventh Circuit Committee (2012) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true, or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Joint Proposed Instruction No. 4
Seventh Circuit Committee (2012) 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Joint Proposed Instruction No. 5
Seventh Circuit Committee (2012) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Joint Proposed Instruction No. 6
Seventh Circuit Committee (2012) 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Joint Proposed Instruction No. 7
Seventh Circuit Committee (2012) 2.04

The defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Joint Proposed Instruction No. 8
Seventh Circuit Committee (2012) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- [the age of the witness;]

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

Joint Proposed Instruction No. 9
Seventh Circuit Committee (2012) 3.01

It is proper for an attorney to interview any witness in preparation for trial.

Joint Proposed Instruction No. 10
Seventh Circuit Committee (2012) 3.02

*[You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]]*

Joint Proposed Instruction No. 11
Seventh Circuit Committee (2012) 3.03

You have heard testimony from Jesus Valencia, Julio Andrade, and Donald Williams, who:

- were promised or received a benefit in return for his testimony and cooperation with the government;

- has each stated that he was involved in the crimes that the defendant is charged with committing.

You may give each of these witnesses testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

Joint Proposed Instruction No. 12
Seventh Circuit Committee (2012) 3.05

You may consider evidence that Jesus Valencia, Julio Andrade, and Donald Williams were convicted of crimes only in deciding the believability of their testimony. You may not consider it for any other purpose.

Joint Proposed Instruction No. 13
Seventh Circuit Committee (2012) 3.06

[*You have heard testimony and evidence that the defendant committed acts other than the ones charged in the indictment. Specifically, you have heard: (i) that the defendant failed to file tax returns in 2014 and 2015; and (ii) that the defendant escaped and fled from custody following his arrest on October 25, 2016.*

*Before using this evidence, you must decide whether it is more likely than not that the defendant did these acts that are not charged in the indictment. If you decide that the defendant failed to file tax returns in 2014 and 2015, then you may consider this evidence to help you decide whether the defendant had a legitimate source for the funds identified in his Bank of America bank account, and if not, whether the reason why he failed to report this income was due to his knowing participation in the charged narcotics conspiracy.*

*If you decide that the defendant escaped and fled from custody following his arrest, then you may consider this evidence to help you decide whether the defendant knew he was guilty of committing narcotics trafficking crimes.*

*You may not consider this evidence for any other purpose. Keep in mind that the defendant is on trial here for conspiracy to commit narcotics-related offenses, not for the other acts.*]

Joint Proposed Instruction No. 14
Seventh Circuit Committee (2012) 3.11 (modified)
*United States v. Lawson*, 776 F.3d 519, 520–21 (7th Cir. 2015)
*United States v. Briscoe*, 896 F.2d 1476, 1500 (7th Cir. 1990)

You have heard testimony from the following witnesses:

- HSI Special Agent Tino Gonzalez, who gave opinions and testimony about narcotics trafficking;

- [chemist]

- [fingerprints]

- [Spanish/English translation]

You do not have to accept this witness's opinions. You should judge the witness's opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how she reached her opinions, and the factors I have described for determining the believability of testimony.

Joint Proposed Instruction No. 15
Seventh Circuit Committee (2012) 3.13

You have heard recorded conversations. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

Joint Proposed Instruction No. 16
Seventh Circuit Committee (2012) 3.14

During the trial, Spanish language recordings were admitted into evidence. You were also given English transcripts of those recordings so you could consider the contents of the recordings. It is up to you to decide whether a transcript is accurate, in whole or in part. You may consider the translators knowledge, training, and experience, the nature of the conversation, and the reasonableness of the translation in light of all of the evidence in the case. You may not rely on any knowledge you may have of the Spanish language. Rather, your consideration of the transcripts should be based on the evidence introduced in the trial.

Joint Proposed Instruction No. 17
Seventh Circuit Committee (2012) 3.15

Certain summaries were admitted in evidence. You may use those summaries as evidence.

Joint Proposed Instruction No. 18
Seventh Circuit Committee (2012) 3.16

[*Certain [summaries; charts; etc.] were shown to you to help explain other evidence that was admitted, [specifically, identify the demonstrative exhibit, if appropriate]. These [summaries; charts] are not themselves evidence or proof of any facts, [so you will not have these particular [summaries; charts] during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries; charts] and determine the facts from the underlying evidence.]*]

Joint Proposed Instruction No. 19
Seventh Circuit Committee (2012) 3.17

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Joint Proposed Instruction No. 20
Seventh Circuit Committee (2012) 3.18

You have heard evidence obtained from the government's use of wiretaps to intercept communications over telephones and Instagram accounts. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

Joint Proposed Instruction No. 21
Seventh Circuit Committee (2012) 3.19 (modified)

The indictment charges the defendant with conspiracy to knowingly and intentionally possess with intent to distribute and to distribute a controlled substance, namely, heroin and cocaine. In order for you to find the defendant guilty of the charge of conspiracy, the government must prove the following elements beyond a reasonable doubt:

1. The conspiracy as charged existed; and

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

Joint Proposed Instruction No. 22
Seventh Circuit Committee (2012) 5.08(B)

A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal or goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

Joint Proposed Instruction No. 23
Seventh Circuit Committee (2012) 5.09

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

Joint Proposed Instruction No. 24
Seventh Circuit Committee (2012) 5.10

A mixture and substance containing a detectable amount of heroin is a controlled substance.

A mixture and substance containing a detectable amount of cocaine is a controlled substance.

Joint Proposed Instruction No. 25
Seventh Circuit Committee (2012), p. 647 – 21 U.S.C. § 841(a)(1)
Definition of Controlled Substance

A person "distributes" a controlled substance if she delivers or transfers possession of the controlled substance to someone else or causes a person to deliver or transfer possession of the controlled substance to another person.

Joint Proposed Instruction No. 26
Seventh Circuit Committee (2012), p. 640 – 21 U.S.C. § 841(a)(1)
Definition of Distribution

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. [In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.]

Joint Proposed Instruction No. 27
Seventh Circuit Committee (2012) 4.10

A person possesses an object if she has the ability and intention to exercise direction or control over the object, either directly or through others. A person may possess an object even if she is not in physical contact with it.

Joint Proposed Instruction No. 28
Seventh Circuit Committee (2012) 4.13

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates alleged. The government is not required to prove that the crimes happened on those exact dates.

Joint Proposed Instruction No. 29
Seventh Circuit Committee (2012) 4.05

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Joint Proposed Instruction No. 30
Seventh Circuit Committee (2012) 4.08

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

Joint Proposed Instruction No. 31
Seventh Circuit Committee (2012) 7.01

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict forms]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

Joint Proposed Instruction No. 32
Seventh Circuit Committee (2012) 7.02

If you find the defendant guilty of the offense charged in the indictment, you must then determine the type and amount of controlled substance that the government has proven was involved in the offense.

You will see on the verdict form questions concerning the amount of heroin and cocaine involved in the offense charged in the indictment. You should consider these questions only if you have found that the government has proven the defendant guilty of the offense charged in the indictment.

Joint Proposed Instruction No. 33
Seventh Circuit Committee, Drug Quantity/Special Verdict Instructions (modified)

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Joint Proposed Instruction No. 34
Seventh Circuit Committee (2012) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JOSÉ ANTONIO MIRELES, JR.
  also known as "Choi"

No. 15 CR 485–9

Judge Virginia M. Kendall

## <u>VERDICT FORM</u>

With respect to the charge in the indictment, we, the jury, find as follows as to defendant **JOSE ANTONIO MIRELES, JR.**:

NOT GUILTY \_\_\_\_\_             GUILTY \_\_\_\_\_

If you find defendant guilty of the offense charged in the indictment, then you must find the amount of controlled substances involved in the offense that have been proved beyond a reasonable doubt.

The amount of controlled substances involved in the offense charged in Count One are: (1) the amount of controlled substances you find, beyond a reasonable doubt, defendant agreed to possess with intent to distribute or distribute while he was a member of the charged conspiracy; and (2) the amount of controlled substances that you find, beyond a reasonable doubt, defendant's co-conspirators agreed to possess with intent to distribute or distribute, which were known to or reasonably foreseeable to defendant while he was a member of the charged conspiracy:

With respect to the charge in Count One of the indictment, we, the jury, find the following controlled substance(s) in the amount shown [place an X on the appropriate lines below] were involved in the offense:

**Mixtures Containing Heroin**

A measurable quantity of mixtures
containing heroin                                    Yes_____          No____

**Mixtures Containing Cocaine**

5 kilograms or more of mixtures
Containing cocaie                                    Yes_____           No_____

500 grams or more, but less than 5 kilograms,        Yes_____           No_____
of mixtures containing cocaine

A measurable quantity, but less than 500 grams,      Yes_____          No____
of mixtures containing cocaine

_____        _____
FOREPERSON

_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

_____
Date