IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 15 CR 485 |
| | ) | Judge Virginia M. Kendall |
| JOSE MIRELES, | ) | |
| | ) | |
| Defendant. | ) | |

# JOSE MIRELES' CONSOLIDATED MOTIONS IN LIMINE

NOW COMES Defendant, JOSE MIRLES, through his counsel, JOSHUA B. ADAMS, and PATRICK E. BOYLE, and respectfully move, in *limine*, to bar evidence of his flight after arrest and of his tax records. In support of his motion, Mr. Mireles states the following.

I. Motion in Limine to bar government's use of Mr. Mireles' flight from custody

On October 25, 2016, agents arrived at Mr. Mireles' home in California to arrest him. While the government alleges that the agents were dressed in undercover clothing, they claim to have worn jackets and had badges that identified their office. Notably, none of the agents showed Mr. Mireles an arrest warrant or informed him why he had been placed in custody. Once Mr. Mireles

had been handcuffed and placed in the back of a car and en-route to presumably a police station, he exited the back door of the car.

Now, the government seeks to use this event as proof of Mr. Mireles' guilt in the charged conduct. "Any discussion of the admission of "evidence of flight" as probative evidence begins with the principles laid down in *United States v. Jackson*, 572 F.2d 646 (7th Cir. 1978)." *United States v. Fitzpatrick*, 2019 WL 5800294, *2.

In that case, the Seventh Circuit adopted the reasoning of the Fifth Circuit in *United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977) and held that "the probative value of flight as circumstantial evidence of guilt depends on the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilty of the crime charged." *Fitzpatrick,* 2019 WL 5800294, *2 (citing *Jackson*, 572 F.2d at 639); *see also United States v. Russell*, 662 F.3d 831, 850 (7th Cir. 2011) (reiterating the same standard for the admission of evidence of flight as consciousness of

guilt). If those inferences cannot be drawn, then the evidence should not be admitted "[b]ecause the probative value of flight evidence is often slight" and "there is a danger that a flight instruction will isolate and give undue weight to such evidence." *United States v. Williams*, 33 F3d 876, 879 (7th Cir. 1994).

If the court permits the introduction of this evidence, the jury will necessarily give undue weight to it. First, Mr. Mireles did not run when officers initial came to his home. His wife answered the door, and Mr. Mireles complied. Most importantly, it was only after officers refused to tell Mr. Mireles his specific charges that he decided to exit the car. How can the government call this an inference of guilt if Mr. Mireles did not even know what the government accused him of doing? Moreover, in the government's *Santiago* proffer, it references an instance when Edgar Roque brought Mr. Mireles to Mexico and watched armed men beat up and threaten to kill Roque's supplier. Dkt #839 at 24. According to Roque, he did this to show Mr. Mireles what happens when you "mess up."

Undoubtedly, this was in the back of Mr. Mireles' mind when these men arrived at his home in October 2016. Plainly put, no

inference can be drawn from Mr. Mireles' actions when agents arrested him. The government merely wants the jury to use this evidence as proof of guilt and convict Mr. Mireles not of the charged conduct, but of actions wholly unrelated to the conspiracy count. For those reasons, the court should bar the government from introducing this evidence.

II. Motion in *Limine* to bar evidence of tax records

Second, the government seeks to introduce evidence that Mr. Mireles did not file income taxes during the years charged in the conspiracy. Its theory is that all the money coming into his bank account must be illegal proceeds, by virtue of his unemployment.

However, this is merely conjecture by the government. There are many reasons why Mr. Mireles may have not filed income tax. In fact, approximately 47 percent of all Americans earning between $50,00-$60,000 yearly fail to file income taxes.[1] To immediately assume there is a nefarious and illegal motive behind it would unfairly prejudice Mr. Mireles in the eyes of the jury.

---

[1] https://www.forbes.com/sites/howardgleckman/2019/08/06/remember-the-47-percent-who-pay-no-income-taxes-they-are-not-who-you-think/?sh=5b20dc6747d7 (last visited 5/11/2021)

Respectfully submitted,

/s/Joshua B. Adams
Joshua B. Adams
Counsel for Jose Mireles

LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60604
(312)566-9173