UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSÉ ANTONIO MIRELES, JR.<br>   also known as "Choi" | No. 15 CR 485–9<br><br>Judge Virginia M. Kendall |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this proposed set of additional jury instructions to which defendant objects.

                              Respectfully Submitted,
                              JOHN R. LAUSCH, JR.
                              United States Attorney

By:   *Sean Franzblau*
        Sean J.B. Franzblau
        Paul H. Tzur
        Assistant United States Attorneys
        219 South Dearborn St., 5th Floor
        Chicago, Illinois 60604
        (312) 353-5300

All conversations that were recorded were made available to the government and the defendant in this case. The recordings introduced into evidence represent portions of those recorded conversations. The portions that have been removed from the recordings in evidence are not pertinent to the case.

Government Proposed Instruction No. 17A
*United States v. Rebolledo-Delgadillo*, No. 13 CR 673, R. 87 at 10 (N.D. Ill.)

The government need not prove that the defendant knew each detail of the conspiracy, or that the defendant played more than a minor role in the conspiracy. The defendant need not have participated in all of the events of the charged conspiracy to be a member of that conspiracy.

Government Proposed Instruction No. 24A
*Salinas v. United States,* 522 U.S. 52, 63 (1997)
*United States v. Soto-Piedra*, 525 F.3d 527, 531 (7th Cir. 2008)
*United States v. Duran,* 407 F.3d 828, 836 (7th Cir. 2005)

Time is not an essential element of the conspiracy charged in the indictment. To establish the existence of the conspiracy charged in the indictment, it is not necessary that the government prove that the conspiracy extended during the entire period alleged in the indictment, so long as the elements of the conspiracy as I have described them to you have been proven beyond a reasonable doubt.

Government Instruction No. 24B
*United States v. Spaeni*, 60 F.3d 313, 315 (7th Cir. 1995)
*United States v. Paulette*, 858 F. 3d 1055, 1059 (7th Cir. 2017)

To establish the existence of a conspiracy, the government need not establish an agreement which was express or formal. A conspiracy may be proved by circumstantial evidence and reasonable inferences drawn therefrom concerning the relationship of the parties, their overt acts, and the totality of their conduct.

Government Proposed Instruction No. 24C
*United States v. Re,* 401 F.3d 828, 834 (7th Cir. 2005)
*United States v. Katalinich,* 113 F.3d 1475, 1480 (7th Cir. 1997)
*United States v. Sasson,* 62 F.3d 874, 886 (7th Cir. 1995)

The government is not required to prove that the conspiracy charged in the indictment involved the specific quantity of controlled substance alleged in the indictment. It is sufficient if the government proves beyond a reasonable doubt that the conspiracy charged in the indictment involved a measurable quantity of some type of controlled substance.

If, however, you find the defendant guilty of the offense charged in the indictment, you must then determine the type and amount of controlled substance that the government has proven was involved in the offense. I will address this further as I discuss the verdict form with you.

Government Proposed Instruction No. 24D
Seventh Circuit Committee, Drug Quantity/Special Verdict Instructions (modified)
*Griffin v. United States,* 502 U.S. 46, 56 (1991)
*United States v. Kelly*, 519 F.3d 355, 363 (7th Cir. 2008)
*United States v. Hughes,* 310 F.3d 557, 560-61 (7th Cir. 2002)
*United States v. Muelbl,* 739 F.2d 1175, 1182 (7th Cir. 1984)

Intent to distribute can be inferred from the possession of a quantity of drugs larger than needed for personal use.

Government Proposed Instruction No. 28A
*Lopez v. Gonzales*, 549 U.S. 47, 53 (2006)
*United States v. Lopez*, 907 F.3d 537, 544 (7th Cir. 2018)
*United States v. Puckett*, 405 F.3d 589, 601 (7th Cir. 2005)
*United States v. Curry*, 79 F.3d 1489, 1498 (7th Cir. 1996)