UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 15 CR 485-9 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| JOSE MIRELES, JR. | ) | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits this supplemental sentencing memorandum to correct an error contained in its original sentencing memorandum and to supplement the record.

In its original sentencing memo, the government miscounted the number of Amtrak Express packages received in Chicago during the conspiracy while defendant was present there. The correct number is 15, not 13. R. 887, 4-5. Exhibit 1 to this supplemental sentencing memo is a modified version of the Amtrak Express package summary chart that was introduced at trial as Government's Exhibit 3. The 15 packages included in the government's drug quantity count are highlighted in blue.

Among these 15 packages are 3 packages in which the pickup date was not included on Exhibit 1 (packages 113, 114, and 116). Exhibit 2 to this supplemental sentencing memo includes the bills of lading and Inbound Express Logs (Government trial exhibits 1 and 2, respectively) for each of the 5 packages that defendant personally received, including packages 113, 114, and 116. These documents

1

establish that defendant received package 113 on November 25, 2013. There is no Inbound Express Log entry for package 114, but the bill of lading shows that it was shipped from Los Angeles on January 27, 2014, and the testimony at trial established that the packages took two days to arrive. Further, Exhibit 1 shows that the packages were routinely picked up on the day they arrived, or the following day. Based on that evidence, it is reasonable to infer that defendant picked up package 114 on January 29 or 30, 2014. With respect to package 116, there is no receipt date on the Inbound Express Log entry but based on the surrounding dates defendant received package 116 on February 18, 2014.

Exhibit 3 to this supplemental sentencing memorandum is page 1 of Government's trial exhibit 15, the airline flight summary chart. The flight information for defendant, combined with the Amtrak Express package pickup evidence contained in Exhibits 1 and 2 to this supplemental memo, as well as the substantial evidence at trial of defendant's presence in Chicago on November 6, 2014 (when the DEA seized the package containing 10 kilograms of heroin), establish that defendant was in Chicago on at least 7 occasions during the conspiracy, within the date ranges set out at page 4 of the government's original sentencing memo. R. 887, 4.

Exhibit 4 is a transcript of the relevant portion of Edgar Roque's trial testimony that establishes that each Amtrak Express package sent during the conspiracy contained at least 10 kilograms of cocaine.

Based on the above, it is the government's position that the correct drug

quantity calculation is as follows:

- 14 packages x 10 kilograms of cocaine = 140 kilograms of cocaine = 28,000 kilograms of converted drug weight;
- 1 package x 10 kilograms of heroin = 10 kilograms of heroin = 10,000 kilograms of converted drug weight;
- Total = 38,000 of converted drug weight = Base Offense Level of 36.

The new calculation does not change the guideline range contained in the PSR or the government's initial sentencing recommendation. The government continues to respectfully recommend a sentence of 342 months' imprisonment followed by 5 years of supervised release.

Respectfully Submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Sean J.B. Franzblau*
Sean J.B. Franzblau
Assistant United States Attorney