IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JOSÉ ANTONIO MIRELES, JR.,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>) No. 15 CR 485-9<br>)<br>) Judge Virginia M. Kendall<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Defendant José Antonio Mireles, Jr. was charged by Fourth Superseding Indictment with one count of conspiracy to distribute and distribution of narcotics, namely heroin and cocaine, in violation of 21 U.S.C. § 846 ("Count 1"). (Dkt. 293). Following a six-day trial, a jury convicted Mireles of Count 1. (Dkt. 876). Mireles has filed a Motion for a New Trial Pursuant to Rules 29 and 33. (Dkt. 879). For the reasons explained below, Mireles's motion [879] is denied. The jury's verdict stands.

**BACKGROUND**

On September 14, 2017, a grand jury returned a fourth superseding indictment charging defendant with conspiracy to distribute five kilograms or more of cocaine and a quantity of heroin, in violation of 21 U.S.C. § 846. (Dkt. 293). A jury trial was scheduled for July 13, 2021. (Dkt. 853). On June 23, 2021, the Government filed a revised set of proposed jury instructions. (Dkt. 864). The Government's proposal included the following instruction to which Defendant initially objected (hereinafter "Government's Proposed Instruction 4"):

> The government is not required to prove that the conspiracy charged in the indictment involved the specific quantity of controlled substance alleged in the indictment. It is

1

> sufficient if the government proves beyond a reasonable doubt that the conspiracy charged in the indictment involved a measurable quantity of some type of controlled substance.
>
> If, however, you find the defendant guilty of the offense charged in the indictment, you must then determine the type and amount of controlled substance that the government has proven was involved in the offense. I will address this further as I discuss the verdict form with you.

(*Id.* at 5; *see also* Dkt. 882 at 1 (noting that Defendant initially objected to Government's Proposed Instruction 4)). The Court held a pretrial conference on that same date. (Dkt. 865). At the pretrial conference, defense counsel withdrew his objection to Government's Proposed Instruction 4. (Dkt. 882-1 at 29:8–9 (defense counsel informing the Court: "Judge, we're going to withdraw the objection to Number 4")).

Defendant proceeded to a jury trial on July 13, 2021. (Dkt. 870). On July 29, 2021, the Court held a Jury Instruction Conference at which the parties reviewed a working set of jury instructions. (*See generally* Dkt. 882-3). During the conference, the parties and the Court referred to Government's Proposed Instruction 4 as "Number 27" because it was included on the 27th page of the working set of instructions. (*See* Dkt. 882 at 2; Dkt. 882-3 at 27). At this time, Defendant **requested** that the Court give Government's Proposed Instruction 4 to the jury. The relevant portion of the record reads as follows:

> **THE COURT:** 28. All right. So this is the one that I told you – I used this in one of my more recent conspiracy trials.
>
> **MR. ADAMS [DEFENSE]:** Number 27 [Gov.'s Proposed Instruction 4], right before it, would be the one that we would prefer.
>
> **THE COURT:** Let's see. Yours was – 27 was your proposal?
>
> **MR. ADAMS:** I believe so. Yes. And 28 is the one that we – defense objected to. The government—
>
> **MR. FRANZBLAU [GOVERNMENT]:** Well, yeah, I mean 27 goes to the quantity. I think that we have, the dueling knowledge ones here about whether the defendant needs to know the type of controlled substance, are 28 versus 29. I believe 29 is

2

> the one that your Honor has proposed. 28 is the one that the government proposed that the defendant objected to.
>
> **MR. BOYLE [DEFENSE]:** So if you're going to give two of them, your honor, I suppose defendant Mireles is proposing 27 and 28.
>
> **THE COURT:** Yes. I think those are better. I agree. I am going to give two of them, so – I'm going to give 27 and 28.

(Dkt. 882-2 at 4–5). The Court instructed the jury on July 20, 2021; the instructions included Government's Proposed Instruction 4. (Dkt. 878 at 26). On that same date, the jury returned a guilty verdict as well as a special quantity finding that the conspiracy involved over 5 kilograms of cocaine and a measurable quantity of heroin. (Dkt. 875).

## DISCUSSION

On August 24, 2021, Defendant filed the present motion for a judgment of acquittal and a new trial. (Dkt. 879). Defendant argues that the Court erred in giving Government's Proposed Instruction 4 because it was an incorrect statement of the law that "both materially amended the indictment and lowered the government's burden of proof." (*Id.* at 3). From the outset, however, Defendant waived this objection to Government's Proposed Instruction 4 because *he ultimately requested*, through counsel, that it be given to the jury during the jury instruction conference: "Number 27 [Government's Proposed Instruction 4] . . . would be the [instruction] that we would prefer. . . . I suppose Defendant Mireles is proposing 27 and 28." (Dkt. 882-2 at 5:1–16; *see also* Dkt. 882-1 at 29:8–9 ("Judge, [defense counsel is] going to withdraw the objection to [Government's Proposed Instruction 4].")). *See United States v. Murphy*, 406 F.3d 857, 860 (7th Cir. 2005) (explaining defendant waived objections to a particular jury instruction where he previously "agreed to the suspect instruction").

3

I.  **Rule 29 Motion for Judgment of Acquittal**[1]

    A.  Legal Standard

Federal Rule of Criminal Procedure 29(a) provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." *See United States v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017). A court will overturn the jury's verdict only if, "after viewing the evidence in the light most favorable to the government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (quoting *United States v. Campbell*, 770 F.3d 556, 571–72 (7th Cir. 2014)); *see also United States v. Kruse*, 606 F.3d 404, 408 n.1 (7th Cir. 2010) ("[W]e shall affirm if the evidence, taken in the light most favorable to the Government, is sufficient to prove all elements of the crime beyond a reasonable doubt."); *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009) (explaining same); *but see United States v. Wilson*, 879 F.3d 795, 802 (7th Cir. 2018) (noting that, for this inquiry, the court examines the evidence as a whole, including that presented by the defendant). In other words, a court will "set aside a jury's guilty verdict only if 'the record contains no evidence, regardless of how it is weighed,' from which a jury could have returned a conviction." *Presbitero*, 569 F.3d at 704 (quoting *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)). *See also United States v.*

---

[1] The Government argues that Defendant improperly characterizes his motion as one made under *both* Rules 29 and 33, because "he does not argue that the evidence at trial was insufficient to sustain the jury's verdict [under Rule 29]." (Dkt. 882 at 3–4 n.2 ("[D]efendant's motion is properly considered under Rule 33 only.")). Although Defendant's arguments under Rules 29 and 33 tend to blend into one another, he clearly asks the Court to vacate his conviction and set a new trial. (Dkt. 879 at 1 ("Defendant . . . respectfully request[s] this honorable court vacate the jury verdict in this matter and set this matter for a new trial[.]")). As such, the Court shall construe Defendant's constructive amendment argument under Rule 29 in keeping with relevant precedent. *See, e.g.*, *United States v. Crowder*, 588 F.3d 929, 937–38 (7th Cir. 2009) (rejecting defendant's motion to reverse conviction due to alleged constructive amendment); *see also, e.g.*, *United States v. Nunez*, No. 10-cr-740, 2011 WL 824606, at *3–5 (N.D. Ill. Mar. 7, 2011) (same).

*Shorter*, 874 F.3d 969, 977 (7th Cir. 2017) (citing *United States v. Bek*, 493 F.3d 790, 798 (7th Cir. 2007)) (same).

"In challenging the sufficiency of the evidence, [a defendant] bears a heavy, indeed, nearly insurmountable, burden." *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010) (citation omitted); *see also United States v. LeBeau*, 949 F.3d 334, 346 (7th Cir. 2020); *cf. United States v. Jones*, 713 F.3d 336, 339–40 (7th Cir. 2013) (explaining that "the height of the hurdle depends directly on the strength of the government's evidence"). In other words, a "defendant faces an uphill battle in challenging the sufficiency of the evidence." *United States v. Orlando*, 819 F.3d 1016, 1021 (7th Cir. 2016). It follows that under Rule 29, courts "do not reassess the weight of the evidence or second-guess the trier of fact's credibility determinations." *United States v. Arthur*, 582 F.3d 713, 717 (7th Cir. 2009); *see also United States v. Severson*, 569 F.3d 683, 688 (7th Cir. 2009). Instead, "[s]orting the facts and inferences is a task for the jury." *Warren*, 593 F.3d at 547. "[A] verdict may be rational even if it relies solely on circumstantial evidence." *Kruse*, 606 F.3d at 408 (citing *Warren*, 593 F.3d at 547); *see also, e.g.*, *United States v. Freed*, No. 13-cr-951, 2016 WL 6618517, at *2 (N.D. Ill. Nov. 9, 2016) ("The Government may prove intent to defraud using circumstantial evidence and inferences drawn from the scheme itself.").

### B. Discussion

A constructive amendment to an indictment occurs "when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." *United States v. Crowder*, 588 F.3d 929, 938 (7th Cir. 2009) (quoting *United States v. Cusimano*, 148 F.3d 824, 829 (7th Cir. 1998) (internal quotation marks omitted); *see also United States v. Burge*, 711 F.3d 803, 813 (7th Cir. 2013) ("A constructive amendment of an indictment

occurs if jury instructions support a conviction for 'a crime other than that charged.' ") (citing *United States v. Ratliff-White,* 493 F.3d 812, 820 (7th Cir. 2007)); *United States v. Trennell,* 290 F.3d 881, 888 (7th Cir. 2002) ("In order to rise to the level of constructive amendment, the change must establish offenses different from or in addition to those charged by the grand jury."). A jury instruction that constructively amends the indictment implicates an individual's Fifth Amendment rights, because "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *United States v. Jones*, 418 F.3d 726, 729–30 (7th Cir. 2005) (quoting *Stirone v. United States*, 361 U.S. 212, 217 (1960)); *see also Crowder*, 588 F.3d at 938 (citing *United States v. Baker*, 227 F.3d 955, 960 (7th Cir. 2000)).

Mireles challenges Government's Proposed Instruction 4 in that it did not require the Government to introduce "any evidence of cocaine or heroin possession which was specifically contained in the indictment." (Dkt. 879 at 4; *see also id.* at 3 (reiterating the language of the relevant instruction)). Mireles argues that based on this instruction, the Government could have theoretically showed "only that Mr. Mireles possessed cannabis [which was not charged in the indictment], and had no knowledge that [the] packages had cocaine or heroin." (*Id.* at 4 (further explaining that "the government argued [to the jury] that it only had to prove Mr. Mireles knew the conspiracy contained *some type* of controlled substance" (emphasis in original))). Mireles posits that Government's Proposed Instruction 4 therefore constructively amended the indictment in that it did not require the Government to prove he knowingly and intentionally distributed heroin, specifically. (*Id.*).

Drug type and quantity are <u>not</u> elements of an offense under Section 846. *See* 21 U.S.C.A. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which

6

was the object of the attempt or conspiracy."); *see also United States v. Paulette*, 858 F.3d 1055, 1059 (7th Cir. 2017) ("Drug type and quantity are not essential elements [of a Section 846 charge] and need not be proved beyond a reasonable doubt unless the government is seeking enhanced statutory penalties."); *United States v. Garcia*, 580 F.3d 528, 535 (7th Cir. 2009) (explaining same); *United States v. Partee*, 273 F. App'x 529, 531 (7th Cir. 2008) (citing *United States v. Kelly*, 519 F.3d 355 (7th Cir. 2008) (same). Accordingly, a defendant may be convicted under Section 846 even if he is unaware of the type or quantity of the controlled substance involved in the conspiracy. *E.g.*, *United States v. Gonzalez*, 737 F.3d 1163, 1168 (7th Cir. 2013) ("To sustain a [conspiracy] conviction [under § 846], a defendant need not have known the specific drug type or quantity as long as he was aware that a controlled substance was involved.") (citing *United States v. Gougis*, 432 F.3d 735, 745 (7th Cir. 2005)); *Garcia*, 580 F.3d at 535 (explaining that "conspiracy under § 846 [only] requires substantial evidence that the defendant knew of the illegal objective of the conspiracy and agreed to participate." (internal quotation marks omitted)); *United States v. Seymour*, 519 F.3d 700, 710 (7th Cir. 2008) ("[A] jury need not make a defendant-specific drug quantity determination for a conspiracy charge."); *United States v. Clark*, 538 F.3d 803, 812 (7th Cir. 2008) ("We have carefully analyzed whether drug quantity constitutes an element of an § 841 offense that must be proven to a jury beyond a reasonable doubt, and have decided time after time that . . . the statute . . . [does not] dictate[] such a result."); *United States v. Barlow*, 310 F.3d 1007, 1012 (7th Cir. 2002) (explaining same); *United States v. Martinez*, 301 F.3d 860, 865 (7th Cir. 2002) (same). Accordingly, the challenged instruction cannot have constructively amended the indictment insofar as it did not require the government to prove the specific type of drug involved in the offense – because charges under Section 846 do not require the government to prove the type of drug involved in the case. In addition, the jury *was* ultimately asked to render a

7

finding as to the type and quantity of drugs involved in Defendant's offense on the verdict form, which evicerates Defendant's argument on this point. (Dkt. 876 at 2 (jury verdict finding that Mireles's offense involved five kilograms or more of mixtures containing heroin)). *See also, e.g.*, *United States v. Jones*, No. 12-cr-697, 2016 WL 6822648, at *3 (N.D. Ill. Nov. 18, 2016) (finding no error in jury instructions where drug type and quantity were not elements of the offense, and "the jurors were required to and did in fact make individualized findings regarding the type and quantity of the drugs on the verdict form"). Defendant's constructive amendment argument fails.

**II. Rule 33 New Trial Motion**

    **A. Legal Standard**

A court may vacate a judgment and grant a new trial upon the defendant's motion "if the interest of justice so requires." *See* FED. R. CRIM. P. 33; *see also United States v. Conley*, 875 F.3d 391, 399 (7th Cir. 2017); *United States v. Smith*, 674 F.3d 722, 728 (7th Cir. 2012). Unlike a motion for acquittal, the Court need not view the evidence in the light most favorable to the government and it may consider the credibility of the witnesses. *See United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999). "A defendant is entitled to a new trial if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." *United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006); *see also United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989) ("[C]ourts have interpreted [Rule 33] to require a new trial in the interests of justice in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial."). However, "the exercise of power conferred by Rule 33 is reserved for only the most extreme cases." *United States v. Peterson*, 823 F.3d 1113, 1122 (7th Cir. 2016) (citing *United States v. Morales*, 902 F.2d 604, 606 (7th Cir. 1990), amended 910 F.2d 467 (7th Cir. 1990)). In other words, the Court should grant a motion for a new trial only if "the

8

evidence 'preponderates so heavily against the verdict that it would be a manifest injustice to let the guilty verdict stand.' " *Conley*, 875 F.3d at 399 (quoting *Reed*, 875 F.2d at 114); *see also Presbitero*, 569 F.3d at 706.

**B. Discussion**

Defendant argues that Government's Proposed Instruction 4 "lowered the government's burden of proof." (Dkt. 879 at 4). According to Defendant, this is because the instruction did not require the Government to prove that the charged conduct specifically involved cocaine and heroin; rather, "[a]ll the government had to do was establish, by a preponderance, that [Defendant] knew or should have known *any* controlled substance was in the Amtrak packages." (*Id.*; *id.* at 5 (emphasizing that the Government was permitted to obtain a conviction under a "preponderance standard" rather than the "beyond a reasonable doubt" standard)).

However, the jury was <u>repeatedly</u> reminded that the Government must prove its case beyond a reasonable doubt to sustain a conviction – and was <u>never</u> instructed that it may convict Defendant under a preponderance of the evidence standard. For example, the Court instructed the jury that to convict Defendant, it must find that the Government proved its case beyond a reasonable doubt. (*E.g.*, Dkt. 882-3 at 1 ("Your . . . duty is to take the law as I give it to you, apply it to the facts and decide if the government has proved the defendant guilty <u>beyond a reasonable doubt</u>."), 3 ("The defendant is presumed innocent of the charge. . . . The government has the burden of proving the defendant's guilty <u>beyond a reasonable doubt</u>. This burden of proof stays with the government throughout the case."), 22 ("If . . . you find . . . that the government has failed to prove any one of these elements <u>beyond a reasonable doubt</u>, then you should find the defendant not guilty"), 41 ("Your sole interest is to determine whether the government has proved its case <u>beyond a reasonable doubt</u>.") (emphasis added)). To be clear, the challenged instruction itself informs the

9

jury that it can only reach a guilty verdict if the Government carries its burden beyond a reasonable doubt. (*Id.* at 27 ("It is sufficient if the government proves <u>beyond a reasonable doubt</u> that the conspiracy charged in the indictment involved a measurable quantity of some type of controlled substance.") (emphasis added)). Nor did the Government once argue that it could meet its burden under any standard of proof other than beyond a reasonable doubt. (*E.g.*, Dkt. 891 at 7:3–5 ("[T]he defendant is presumed innocent. It is the government's burden to prove his guilt <u>beyond a reasonable doubt</u>."), 15:12–18 ("[O]nce you've seen and heard all of the evidence in this case . . . the government is going to ask you to return the only verdict consistent with the evidence in this case: Guilty <u>beyond a reasonable doubt</u>."); 1202:21–23 ("This count has two elements. There are two things that the government has to prove <u>beyond a reasonable doubt</u> in order to meet its burden of proof."), 1247:22–24 ("[T]he government has proven far <u>beyond a reasonable doubt</u> that this defendant knowingly joined in the conspiracy."); 1248:6–20 (explaining that the jury's special quantity findings also must be determined <u>beyond a reasonable doubt</u>) (emphasis added)). The special verdict form further reminded the jury that it could only find Defendant guilty if the Government carried its burden beyond a reasonable doubt. (Dkt. 876 at 1 ("If you find defendant guilty of the offense charged in the indictment, then you must find the amount of controlled substances involved in the offense that have been proved <u>beyond a reasonable doubt</u>.") (emphasis added)). Defendant otherwise fails to allege how Government's Proposed Instruction 4 impermissibly lowered the Government's burden of proof – nor could he. A new trial is not warranted under these circumstances.

## **CONCLUSION**

For the reasons explained above, the Court denies Mireles's motion to vacate the jury verdict and for a new trial [879].

_____
Virginia M. Kendall
United States District Judge

Date: February 22, 2022